**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**LYNDSEY BLYTHE,**

**Plaintiff,**

**v.**

**CAROLYN W. COLVIN, Commissioner, Social Security Administration,**

**Defendant.**

**3:14-CV-00126-BR**

**OPINION AND ORDER**

**ALAN STUART GRAF**
208 Pine Street
Floyd, VA 24091
(540) 745-2519

Attorney for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2495

Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Lyndsey Blythe seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed applications for DIB and SSI on October 4, 2010, and alleged a disability onset date of March 31, 2009.

Tr. 208, 212.[1] Her applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on September 25, 2012. Tr. 39-63. At the hearing Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney.

On October 19, 2012, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 18-32. On November 22, 2013, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Tr. 1-6.

## BACKGROUND

Plaintiff was born on June 8, 1987. Tr. 198. Plaintiff was 25 years old at the time of the hearing. Plaintiff has a high-school education and some college course work. Tr. 45. The ALJ found Plaintiff has past relevant work experience as a childcare attendant. Tr. 31.

Plaintiff alleges disability due to “panic attacks” and depression. Tr. 231.

Except when noted, Plaintiff does not challenge the ALJ’s summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ’s summary of the

[1] Citations to the official transcript of record filed by the Commissioner on July 8, 2014, are referred to as "Tr."

medical evidence. *See* Tr. 24-26, 29-31.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence]

but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner

determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her March 31, 2009, alleged onset date. Tr. 20.

At Step Two the ALJ found Plaintiff has the severe impairments of an anxiety disorder and depression. Tr. 21.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 31. The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels. Tr. 23. The ALJ found Plaintiff cannot have contact with the general public, but may have "occasional interaction with co-workers and unlimited contact with children under the age of 12." Tr. 23.

At Step Four the ALJ concluded Plaintiff is capable of performing her past relevant work. Tr. 31. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) found at Step Three that Plaintiff could have unlimited contact with children under the age of 12, (2) found at Step Four that Plaintiff had past relevant work as a childcare attendant, (3) improperly rejected opinions of Plaintiff's treating physician, and (4) improperly rejected the opinion of Plaintiff's mental-health counselor.

### I. The ALJ erred at Step Three.

As noted, at Step Three the ALJ found Plaintiff cannot have contact with the general public but she can have unlimited contact with children under 12. Plaintiff contends the ALJ's

findings at Step Three are contradictory because children under the age of 12 are members of the general public. Plaintiff further contends the ALJ erred when he found Plaintiff could have unlimited contact with children under the age of 12 because that finding is unsupported by any evidence in the record. The Court agrees. Children are members of the general public and there is not any explanation in the ALJ’s opinion for the discrepancy between him finding that Plaintiff cannot have any contact with the general public but can have unlimited contact with children under the age of 12. In addition, there is not any evidence in the record that supports a distinction between Plaintiff’s ability to interact with children under the age of 12 and her inability to interact with other members of the "general public" however defined. None of Plaintiff’s treating or nontreating medical providers or any of Plaintiff’s mental-health workers suggest in any opinion or medical record that Plaintiff has a better ability to interact with children than she does with adults.

On this record the Court finds the ALJ erred at Step Three when he found Plaintiff could have unlimited contact with children under the age of 12 because he did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

**II. The ALJ erred at Step Four.**

Plaintiff contends the ALJ erred at Step Four when he found Plaintiff could perform her past relevant work as a childcare attendant because Plaintiff's work as a childcare attendant does not meet the regulatory definition of past relevant work.

The Social Security Regulations define past relevant work as work a claimant has "done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [a claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). The Regulations define substantial gainful activity as "work activity that involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). The Social Security Administration (SSA) determines every year the amount a claimant must earn per month to reach the level of substantial gainful activity under the Regulations. In 2008 the SSA set the substantial gainful activities earning threshold at $940 per month. *See* http://www.socialsecurity.gov/oact/cola/sga.html.

The VE testified at the hearing that Plaintiff's work as a Nature Instructor constituted work as a childcare attendant. The ALJ concluded Plaintiff had worked at that job sufficiently long and earned sufficient funds for the job to constitute substantial gainful activity and past relevant work.

The record reflects Plaintiff earned $4,124 in her position as a Nature Instructor from June 2008 to October 2008. Plaintiff

contends the period from June 2008 through October 2008 is five months, and, therefore, Plaintiff earned only $824.80 per month, which is below the regulatory threshold for substantial gainful activity and past relevant work. Defendant, however, contends the period from June 2008 through October 2008 is four months, and, therefore, Plaintiff earned $1031.00 per month, which is over the regulatory threshold for substantial gainful activity and past relevant work.

The record is unclear regarding the specific dates that Plaintiff worked as a Nature Instructor. Specifically, it is not clear whether Plaintiff worked from the beginning of June through the end of October 2008 or some lesser period within that time span. In fact, at least one record suggests Plaintiff held the job of Nature Instructor for only three months. Tr. 477. The ALJ, however, failed to develop the record or otherwise to clarify the precise amount of time that Plaintiff worked as a Nature Instructor, and, therefore, failed to support sufficiently his finding of that position as past relevant work.

On this record the Court finds the ALJ erred at Step Four when he found Plaintiff had past relevant work as a childcare attendant because he did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err when he gave limited weight to opinions of Dr. Wennhold.**

Plaintiff contends the ALJ erred when he did not give any

weight to the January 2011 opinion of treating physician Kim Wennhold, M.D., and gave limited weight to portions of Dr. Wennhold’s May 2012 opinion.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

On January 20, 2011, Dr. Wennhold stated in his chart notes that Plaintiff is “clearly severely impacted by her anxiety and depression to the point of inability to work or attend school.” Tr. 526. The ALJ did not give any weight to this statement as an indication of Plaintiff’s inability to work because the treatment records surrounding this note indicate Plaintiff was experiencing increased symptoms at that time due to as assault that she witnessed at her apartment. The ALJ noted the record reflects Plaintiff’s condition improved in time. For example, in February 2011 Plaintiff reported suffering less anxiety due to resolution of social stressors and noted she was more able to get out of the

house more. Tr. 524. At her next visit Plaintiff reported sleeping better with Seroquel and said she felt better on Zoloft. Tr. 523. Plaintiff reported she continued to have anxiety, but it was much less intense and less frequent. Tr. 523. In July 2011 Plaintiff reported her mood was "pretty good" and although she was still anxious, she was not having panic attacks and was doing well overall. Tr. 739. In addition, throughout 2011 and 2012 Plaintiff refused to take SSRIs to attempt to alleviate her depression and/or anxiety.

In May 2012 Dr. Wennhold completed a Mental Residual Functional Capacity Assessment (MRFC) of Plaintiff. Dr. Wennhold opined Plaintiff was markedly limited in her ability to complete a normal workday or workweek without interruptions from psychologically-based symptoms, to perform at a consistent pace without an unreasonable number and length of rest periods, to interact appropriately with the general public, and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. Tr. 1256. Dr. Wennhold opined Plaintiff was moderately limited in her ability to understand and to remember detailed instructions, to carry out detailed instructions, to maintain concentration for extended periods, to perform activities within a schedule, to maintain regular attendance, to accept instructions and to respond appropriately to criticism from supervisors, and to set realistic goals or to

make plans independently of others. Tr. 1255-56.

The ALJ gave the portion of Dr. Wennhold's opinion regarding Plaintiff's social limitations "some weight." Tr. 30. The ALJ noted the record reflects Plaintiff has difficulties related to "public settings and interpersonal interactions." Tr. 30. Nevertheless, the ALJ noted the record also reflects Plaintiff "being productive and getting out in the community," and her activities "show some capacity for social interactions and appropriate behavior." Tr. 30. In addition, the record reflects Plaintiff was not consistently honest with Dr. Wennhold about her use of alcohol. In March 2011 Plaintiff's mental-health counselor urged Plaintiff "to be honest with Dr. [Wennhold] about the frequency that she had reported drinking alcohol" and "pointed out that it's hard to identify the effectiveness of an anti-depressant while alcohol is being consumed." Tr. 1151. Luahna Ude, Ph.D., reviewing psychologist, also noted in her August 2011 records review that Plaintiff did not "mention[] her rather significant substance abuse history, including current Cannabis Abuse and recent (long-term, and possible current) Alcohol Abuse vs. Dependence." Tr. 710. Dr. Ude noted Plaintiff's substance abuse issues "could certainly impact training/employment." Dr. Ude also noted Plaintiff refuses to use "psychotropic medications which may [be hampering] efforts to manage anxiety." Tr. 710. Moreover, examining psychologist

Katie Ugolini, Ph.D., opined Plaintiff was only mildly impaired in her ability to perform work-related activities within a schedule, to maintain regular attendance, to be punctual, and to remember and to carry out detailed work-related instructions. Tr. 479. In addition, as noted, Plaintiff consistently refused to take SSRI's in an effort to alleviate her symptoms despite the urging of both her mental-health counselor and Dr. Wennhold that she try those medications.

On this record the Court concludes the ALJ did not err when he gave limited weight to Dr. Wennhold's January 2011 and May 2012 opinions because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**IV. The ALJ did not err when he gave limited weight to the statement of Laura Forsman, L.P.C., Plaintiff's mental-health counselor.**

Plaintiff contends the ALJ erred when he gave limited weight to the August 2012 statement of Plaintiff's mental-health counselor Laura Forsman.

Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 416.902. Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners, therapists, and licensed clinical social workers such as Forsman. SSR 06-03p, at *2. Factors the ALJ should

consider when determining the weight to give an opinion from a "not acceptable" medical source include the length of time the source has known the claimant and the number of times and frequency that the source has seen the claimant, the consistency of the source's opinion with other evidence in the record, and the quality of the source's explanation of her opinion. SSR 06-03p, at *4. The ALJ must explain the weight assigned to such sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning. SSR 06-03p, at *6.

On August 31, 2012, Forsman provided a statement to the SSA in which she noted she had been Plaintiff's mental-health counselor for a year and had met with Plaintiff once a week. Forsman stated Plaintiff "often experiences debilitating depression, which makes it difficult for her to get out of bed, arrive on time to important meetings, and to maintain adequate self-care (eating and hygiene)." Tr. 1273. Forsman opined she did "not forsee [Plaintiff] being able to maintain full time employment due to her mental health." Tr. 1273.

The ALJ gave limited weight to Forsman's statement and noted the record reflects Plaintiff was consistently able to arrive timely at and to attend numerous appointments with her doctor, mental-health counselors, and various support groups. The ALJ noted Plaintiff maintained friendships, went camping with friends, went to festivals, attended and played in drum circles

with others, and lived on her own successfully for several years. Tr. 31.

On this record the Court concludes the ALJ did not err when he gave limited weight to Forsman's August 2012 statement because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## **REMAND**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would

serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

As noted it cannot be adequately determined on this record whether Plaintiff's June 2008 through October 2008 employment constituted substantial gainful activity. In addition, the Court has concluded the ALJ erred when he found Plaintiff could not have contact with the general public but could have unlimited contact with children under the age of 12. The Court, therefore, concludes this matter must be remanded.

Accordingly, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order specifically to allow the ALJ to develop the record to determine whether Plaintiff has had any substantial gainful employment; to explain the discrepancy between his findings related to

Plaintiff's ability to have unlimited contact with children under 12; and, if applicable, to proceed to Step Five of the analysis.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 23rd day of March, 2015.

/s/ Anna J. Brown

______________________________
ANNA J. BROWN
United States District Judge